UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re: BETSEY WARREN LEBBOS, | NO. CIV. S-08-1726 FCD |
| Debtor, | |
| _____/ | |
| BETSEY WARREN LEBBOS, | MEMORANDUM AND ORDER |
| Appellant, | |
| v. | |
| LINDA SCHUETTE, | |
| Appellee. | |
| _____/ | |

----oo0oo----

This matter is before the court on pro se appellant Betsey Warren Lebbos' ("Lebbos") appeal[1] of the bankruptcy court's order directing the clerk of the court to register the default judgment entered against Lebbos so that appellee Linda Schuette

---

[1] Because the court finds that oral argument will not be of material assistance, it orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h). The court also notes that Lebbos expressly waived oral argument. (Docket #14.)

1

("appellee") could file a certified copy of the judgment in the United States District Court for the Central District of California. (Docket #8.) The bankruptcy court entered default judgment against Lebbos as a terminating sanction for her discovery abuses. Lebbos previously appealed that decision to this court. (See Case No. Civ. S-08-912 FCD.) On January 26, 2009, this court affirmed the bankruptcy court's decision to strike Lebbos' answer and enter her default as a terminating sanction for various discovery abuses. (Mem. & Order, filed Jan. 26, 2009, Case No. Civ. S-08-912 FCD [holding that under "the rare and extreme circumstances of this case, the bankruptcy court acted well within its discretion" in entering default against Lebbos, and ultimately default judgment, as a sanction pursuant to Fed. R. Civ. P. 37(d)].)

Lebbos now appeals the bankruptcy court's subsequent order directing that the default judgment be registered by the clerk of this court so that appellee could file the judgment in the Central District of California; appellee sought to file the judgment in that court in order to enforce the judgment against the subject property which is located in the Central District. Pursuant to 28 U.S.C. § 158(a), Lebbos again elected appeal to this court.

The court has reviewed the parties' briefs[2] and the underlying record, as contained within the excerpts of record submitted by Lebbos and appellee, and by this order, issues its decision AFFIRMING the bankruptcy court's order directing the

---

[2] Despite being provided with additional time to file a reply brief, Lebbos did not do so. (Docket #12.)

registration of the default judgment against Lebbos.  This court cannot find that the bankruptcy court abused its discretion in rendering this order.

**BACKGROUND**

On January 3, 2007, appellee filed an adversary complaint against Lebbos, among others.  The complaint sought avoidance of two alleged fraudulent transfers of a condominium located in Long Beach, California, recovery of that condominium, turnover of estate property and related declaratory relief.  The first of the subject transfers was from Lebbos, as an individual, to Lebbos as Trustee of the Aida Madeline Lebbos No. 2 Trust.  The second transfer was from Lebbos as Trustee of the Aida Madeline Lebbos Trust II to Jason P. Gold ("Gold") and Thomas Carter ("Carter") as Trustees of the Aida Madeline Lebbos Trust II.

After being served with the adversary complaint, Lebbos engaged in a litany of actions and activities designed to avoid substantive participation in the litigation, including numerous motions to dismiss, motions to transfer venue, motions to disqualify appellee as the Chapter 7 trustee in Lebbos' parent bankruptcy case, motions to disqualify the bankruptcy judge, and the refusal to participate in discovery.  Many of these actions and activities were also engaged in by Lebbos in her parent bankruptcy case both before and after the filing of appellee's adversary complaint.

On November 28, 2007, appellee filed a motion in the adversary matter against Lebbos seeking sanctions pursuant to Federal Rule of Civil Procedure 37.  Appellee argued that sanctions were warranted based on Lebbos' failure to appear at

her properly noticed deposition, her repeated failure to produce documents and based on the court's prior warning that terminating sanctions may be entered if Lebbos continued her conduct. Appellee requested either monetary or terminating sanctions.

The sanctions motion was heard on January 16, 2008, and by a memorandum decision of February 13, 2008, the bankruptcy court granted appellee's motion, striking Lebbos' answer and entering default against Lebbos as a terminating sanction pursuant to Rule 37. Appellee subsequently filed an application for entry of default judgment, and the bankruptcy court entered judgment against Lebbos by order of April 17, 2008. (Lebbos' Excerpts of Record ["LER"], filed Jan. 7, 2009, at Ex. D-24.) Said order voided the two transfers of the condominium between Lebbos, Gold and Carter and awarded recovery of all right, title and interest in the condominium held by Lebbos, Gold and Carter to appellee. (Id. at Ex. D-24-26.) Lebbos, Gold and Carter were directed to turn over the condominium, all keys, access codes and access cards to the condominium and its common areas and all insurance information for the condominium to appellee. (Id.) Appellee was granted immediate access to, control over and possession of the condominium. (Id.)

Lebbos, Gold and Carter refused to voluntarily comply with the judgment. Because the condominium was located in Long Beach, California, in the Central District, on May 13, 2008, appellee filed a motion for an order directing the clerk to register the judgment pursuant to 28 U.S.C. § 1963. (LER at Exs. E-I.) All moving papers were served on Lebbos, Gold and Carter. (Appellee's Excerpts of Record ["AER"], filed Jan. 15, 2009, at

Ex. 1.) Lebbos filed an opposition to the motion. (LER at Ex. J49-52.) The bankruptcy court heard oral argument on the motion on June 18, 2008, and later that day issued its memorandum decision granting appellee's motion. (Id. at Ex. A1-6.) The court's order directing the clerk to register the judgment was later filed on July 17, 2008. (Id. at Ex. B7-8.) The instant appeal followed.

**STANDARD OF REVIEW**

An order allowing registration of a judgment under 28 U.S.C. § 1963 is reviewed for abuse of discretion. Columbia Pictures Industries, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001).

**ANALYSIS**

Pursuant to 28 U.S.C. § 1963, a judgment for the recovery of money or property entered in a bankruptcy court may be registered by filing a certified copy of the judgment in any other district, but only when the judgment has become final by appeal or expiration of the time for appeal or "when ordered by the court that entered the judgment for good cause shown." The procedure is typically invoked where a judgment debtor has assets in a district other than the one in which the judgment was entered. See Finova Capital Corp. v. Richard A. Arledge, Inc., 2008 U.S. Dist. LEXIS 27868, *6 (D. Ariz. 2008).

In this case, the rationale for permitting registration of the judgment is compelling. The judgment at issue directly awards appellee all right, title and interest in the subject condominium which is located in the Central District. At the time appellee sought registration of the judgment, Lebbos had

appealed the judgment, she had not obtained a stay of the judgment nor posted a bond and she had not turned over control of, access to or possession of the property to appellee. The bankruptcy court properly found that these facts constituted "good cause" for permitting registration of the judgment in the Central District as a necessary and appropriate enforcement mechanism. The bankruptcy court limited its order to registration of the judgment in the Central District alone, as it found that appellee had not shown Lebbos had assets in any other judicial district. (LER at Ex. A4-5.) Thus, contrary to Lebbos' suggestions, the bankruptcy court's order is not overbroad. Moreover, Lebbos' arguments on this appeal are largely inapposite to the good cause inquiry under Section 1963. Her arguments go to the merits of the judgment, and this court has previously resolved those arguments against Lebbos, affirming the bankruptcy court's decision to enter the default judgment based on Lebbos' discovery abuses.

In sum, this court has previously affirmed the bankruptcy court's entry of default judgment against Lebbos, and the subsequent registration of that judgment, in order to allow appellee to enforce it in another district where the property is located, was well within the bankruptcy court's discretion considering the facts of this case.[3]

---

[3] In bringing this appeal, Lebbos makes allegations of improper service of the motion for registration of the judgment and the orders granting the motion. However, as the excerpts of record reveal, Lebbos was properly served with the relevant papers. Whether other persons, not involved in this appeal, were properly served is not issue. Moreover, since Lebbos failed to raise this issue before the bankruptcy court, it is not properly raised on appeal. See Turnacliff v. Westly, 546 F.3d 1113, 1120

**CONCLUSION**

For the foregoing reasons, Lebbos' appeal of the bankruptcy court's order directing registration of the default judgment against her is denied. The bankruptcy court's decision permitting registration of the judgment so that appellee can enforce it in the Central District of California is AFFIRMED. The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: April 20, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

(9th Cir. 2008).